UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TOBY ANTOINE** | : | **DOCKET NO. 2:18-cv-0454** |
| D.O.C. # 482449 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **W. S. SANDY McCAIN** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Toby Antoine, who is proceeding *pro se* in this matter. Antoine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Antoine states that, pursuant to a guilty plea, he was convicted in the 33rd Judicial District Court, Allen Parish, Louisiana, of manslaughter and sentenced to a 35 year term of imprisonment in 2004. Doc. 1, pp. 1–2. He maintains that he did not file a direct appeal or seek collateral review from his conviction or sentence until October 2017, when he filed motions to correct patent error,

reduce excessive sentence, and invalidate his guilty plea in the state district court. *Id.* at 3–4; *see* doc. 1, att. 2, pp. 9–11. Antoine asserts that the state district court denied these motions, and provides proof of his notice of intent to seek writs filed in that court in January 2018. *See id.* at 1–4. He also shows that he filed another Motion to Correct Patent Error in the state district court in February 2018, which that court denied the following month. *Id.* at 5–7, 8. Antoine states that the matter is currently pending before the Third Circuit, and attempts to obtain federal habeas relief on those claims through the instant petition. Doc. 1, pp. 3–5, 7–9.

## II.
### LAW & APPLICATION

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme

Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

Based on Antoine's admissions, it is clear that his claims are unexhausted because they are still pending before the Third Circuit and have not yet been presented to the Louisiana Supreme Court. Antoine has not asserted any justification for staying this matter pending state review, a consideration we would not grant unless he could also excuse the apparent untimeliness of his petition under 28 U.S.C. §§ 2244(d). Furthermore, it would not serve the interests of justice or judicial economy for this court to grant a stay and allow the matter to linger on our docket until Antoine informs us of the state court's ruling. Accordingly, the petition for writ of habeas corpus should be dismissed due to the presence of unexhausted claims, without prejudice to Antoine's right to reassert this matter once all of his claims are exhausted.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 19th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE